**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

_____

| | |
|---|---|
| BACKYARD SHENANIGANS LLC ) <br> dba Kids Play and Café ) <br>   ) <br>   Plaintiff, ) <br>   ) <br>   v. ) <br>   ) <br> THE PLAY CAFE LLC, A South ) <br> Carolina limited liability company and ) <br> DANIEL WESTON KINGSBURY, ) <br> an individual and ) <br> AUSTIN MOTES, an individual ) <br>   ) <br>   Defendants ) | **COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

_____

Plaintiff Backyard Shenanigans LLC dba Kids Play and Café, by and through its undersigned counsel, complaining of The Play Cafe LLC and Daniel Weston Kingsbury, alleges and says as follows:

**PARTIES**

1. Plaintiff Backyard Shenanigans LLC dba Kids Play and Café ("Plaintiff" or "Play and Café") is a South Carolina Limited Liability Company.

2. Defendant The Play Café was formed in 2022.

3. Defendant The Play Café is located at 701 Easley Bridge Road, Unit 6040 in West Greenville.

4. Upon information and belief, Defendant Daniel Weston Kingsbury is a resident of South Carolina with an address of 106 Willenhall Ln, Greenville, SC 29611.

5. Upon information and belief, Defendant Daniel Weston Kingsbury is an owner of Defendant The Play Café.

6. Upon information and belief, Defendant Daniel Weston Kingsbury assisted in the selection of the mark The Play Café.

7. Defendant Daniel Weston Kingsbury has the ability to direct and control the operations of Defendant The Play Café.

8. Upon information and belief, Defendant Austin Motes is a resident of South Carolina with an address of 525 Twin Lake Rd, Greenville, SC 29609.

9. Upon information and belief, Defendant Austin Motes is an owner of Defendant The Play Café.

10. Upon information and belief, Defendant Austin Motes assisted in the selection of the mark The Play Café.

11. Defendant Austin Motes has the ability to direct and control the operations of Defendant The Play Café.

## JURISDICTION

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action under 15 U.S.C. § 1125 et seq.

13. This Court has subject matter jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

## FACTUAL BACKGROUND

14. Play and Café was formed in 2018.

15. Play and Café began using and establishing its trademark and service mark rights in 2018 including the use of the mark Kids Play and Café.

16. Play and Café operates an indoor multi-level soft playground.

17. Play and Café offers tunnels, slides, ropes, bridges, interactive play games, and climbing obstacles.

18. Play and Café offers food and beverages to its patrons.

19. Play and Café offers parties and events.

20. Defendant The Play Café is a South Carolina Limited Liability Company.

21. Upon information and belief, Defendant The Play Café began using the mark Play Café in 2022.

22. Defendant The Play Café trademark and service marks are junior to that of Play and Café.

23. Defendant The Play Café operates an indoor multi-level soft playground.

24. Defendant The Play Café offers tunnels, slides, ropes, bridges, interactive play games, and climbing obstacles.

25. Defendant The Play Café offers food and beverages to its patrons.

26. Defendant The Play Café offers parties and events.

27. The Defendant's mark PLAY CAFÉ is similar to KIDS PLAY and CAFÉ.

28. Consumers have previously scheduled parties and events as Play and Café, then called to cancel stating that the customer wished to hold the party and Play and Café other location.

29. Play and Café does not have another location.

30. Consumers confused the Play and Café with Defendant The Play Café as the origin of an indoor playground facility.

31. Consumers confused the Play and Café with Defendant The Play Café as the origin of an indoor playground facility that offers parties and events.

32. Defendant The Play Café offers similar and even identical goods and services as that of the Play and Café.

33. Defendant The Play Café offers similar and even identical facilities as that of the Play and Café.

34. Defendant The Play Café offers similar social media and online presences as that of the Play and Café.

35. Defendant The Play Café use of the mark Play Café has created actual confusion.

36. Defendant The Play Café opened its facility within the market area of Play and Café.

37. Defendant The Play Café opened its facility on Easley Bridge Road knowing Play and Café operates out of Easley, South Carolina.

38. Defendant The Play Café opened its facility within 12 miles of Play and Café.

**FIRST CAUSE OF ACTION – FALSE DESIGNATION OF ORIGIN UNDER § 1125**

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

40. On one or more occasions, Defendant Kingsbury or Defendant Motes travelled to Play and Café and physically entered the premises to view the goods and services offered by Play and Café.

41. Defendant Kingsbury or Defendant Motes intended to copy the goods and series of Play and Café.

42. Defendant Kingsbury or Defendant Motes did in fact copy the goods and services of Play and Café.

43. Defendants' actions are likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Play and Café with Defendants Play Café.

44. Consumers are likely to be and have been confused as to the origin, sponsorship, or approval of the Defendants' goods and services believed that they are affiliated with Play and Café.

45. Play and Café is damaged by Defendant's actions including, but not limited to, false designation of origin.

46. Plaintiff is entitled to recover damages from Defendants, jointly and severally, for violation of § 1125.

47. Plaintiff is entitled to recover damages as stated in § 1117.

48. Defendants' actions are willful and support damages of three times actual damages.

49. Defendants' actions allow Plaintiff to recover its attorney fees.

50. Defendant Kingsbury is personally liable for the cause of action herein.

51. Defendant Motes is personally liable for the cause of action herein.

## SECOND CAUSE OF ACTION– UNFAIR TRADE PRACTICES

52. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint. Defendants without license, permission or authorization use a confusingly similar mark in commerce for the same and similar goods and services.

53. Play and Café has been damaged including cancellations of parties and events due to consumer confusion caused by Defendants.

54. Defendants' actions have an adverse impact on the public interest as consumers are entitled not to be confused as to the source or origin of Play and Café goods and services.

55. Defendants' actions are capable of repetition and will be repeated unless enjoined by this court.

56. Plaintiff is entitled to recover actual damages, advertising remediation damages and attorney fees from Defendants, jointly and severally.

**THIRD CAUSE OF ACTION – COMMON LAW TRADEMARK INFRINGEMENT**

57. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

58. Plaintiff is entitled to recover compensatory damages from Defendants.

**FOURTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS**

59. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

60. Defendants' actions cause consumers to purchase goods and services from Defendants at the expense of Play and Café.

61. Play and Café would have received bookings, reservations, and revenue for Play and Café goods and services but for consumer being confused as the origin of Defendants' goods and services.

62. Defendants have improperly confused the public, including prospective consumers, into entering contracts with Defendants rather than Play and Café.

63. Defendants intended to trade of the reputation, work and business development of Play and Café when openings Defendants' facility.

64. Plaintiff has been injured as a proximate result of Defendants' actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Play and Café prays the Court as follows:

A. That it has and recover of Defendant's jointly and severally, actual damages;

B. That it has and recover enhanced damages including three times actual damages;

C. That it has and recover treble damages under South Carolina Unfair Trade Practices Act, § 39-5-10 et seq.;

D. That it has and recover pre- and post-judgment interest according to law;

E. For a trial by jury on all issues of fact; and

F. For such other and further relief as the Court deems just and proper.

This the 3d day of April 2024.

                                        KIM AND LAHEY LAW FIRM, LLC

                                        /s/ Douglas W. Kim
                                        Douglas W. Kim, Fed. Id 9004
                                        3620 Pelham Road
                                        Ste. 213
                                        Greenville, SC 29615
                                        Tel: 864.973.6688
                                        doug@kimandlahey.com

Casey Martens

6:24-cv-01704-JDA    Date Filed 04/04/24    Entry Number 1    Page 8 of 8